IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>                                                      )<br>           Plaintiff,                         )<br>                                                      )<br>vs.                                                 )<br>                                                      )<br>JESUS EDER MORENO ORNELAS, )<br>                                                      )<br>           Defendant.                      )<br>_____) | No. CR 14-1568-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion for Disclosure (Doc. 51) filed by Defendant Jesus Eder Moreno Ornelas ("Ornelas"). A response and a reply have been filed. Counsel presented oral argument to the Court on June 15, 2015.

During the hearing, counsel for the government stated that she had provided excerpts or chapters from the United States Law Enforcement Manual, had provided the victim agent's certification and cross-certification (permitting enforcement of violations within Cochise County jurisdiction), and would provide disclosure as to whether the victim agent had Spanish training. The Court, therefore, granted in part the Motion as to the disclosure of the agent's Spanish training. Additionally, counsel for Ornelas was able to obtain training manuals online; accordingly, the Court declined to order the disclosure of training manuals. The Court took under advisement whether training records as to Agent Devin Linde should be disclosed.

Fed.R.Crim.P. 16 grants defendants "a broad right of discovery," which includes both exculpatory and inculpatory evidence that is relevant to the defense. *United States v. Muniz-Jaquez*, 718 F.3d 1180, 1183 (9th Cir. 2013); *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013). Unlike material required to be disclosed pursuant to *Brady v. Maryland*, 373 U.S.

83, 87 (1963), a "defendant must make a threshold showing of materiality" to compel discovery under Rule 16. *Muniz–Jaquez*, 718 F.3d at 1183. This requires a defendant to "make a threshold showing of materiality, which requires a presentation of facts which would tend to show that the Government is in possession of information helpful to the defense." *United States v. Doe*, 705 F.3d 1134, 1150 (9th Cir. 2013) (*quoting United States v. Stever*, 603 F.3d 747, 752 (9th Cir. 2010)). General descriptions and conclusory allegations are insufficient to compel discovery under Rule 16. *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) (*quoting United States v. Mandel*, 914 F.2d 1215, 1219 (9th Cir. 1990)).

For example, in *United States v. Stever*, 603 F.3d 474 (9th Cir. 2010), the defense articulated specific reasons why it requested documents, including officer training materials, regarding Mexican drug trafficking organizations ("DTOs").[1] The Ninth Circuit determined that the evidence, if it existed, would make it more probable that someone (i.e., members of the Mexican drug trafficking organization) other than the Stevers grew the marijuana at issue in that case. The appellate court stated:

> The district court is not free to dismiss logically relevant evidence as speculative: "[I]f the evidence [that someone else committed the crime] is in truth calculated to cause the jury to doubt, the court should not attempt to decide for the jury that this doubt is purely speculative and fantastic but should afford the accused every opportunity to create that doubt."

603 F.3d at 754 (*citations omitted*).

In this case, Ornelas asserts:

> The items requested are to prepare Mr. Moreno-Ornelas' defense. Counsel needs Agent Linde's training history to better understand how much and what training Agent Linde

---

[1] The defense asserted the documents "could rebut the inference that the owners of the property must have been involved in the marijuana operation, because they would demonstrate that Mexican DTOs have grown marijuana by trespassing on large tracts of public and private land . . . without the knowledge of the owners", the documents could "buttress the inference that this particular marijuana operation was the work of a Mexican DTO by demonstrating that operations run by Mexican DTOs have several distinctive characteristics in common with this operation", and "the documents could corroborate Stever's evidence that Mexican DTOs are secretive and familial and so are unlikely to have involved a local Caucasian in their operations." 603 F.3d at 752.

       has received in the past. Agent Linde's training is an important aspect of this case. Agent Linde is a Forest Service Agent, not a Border Patrol Agent. To prepare Mr. Moreno-Ornelas' defense, counsel requires this information.

Motion (Doc. 51), p. 4. During the hearing, counsel for Ornelas also stated that the training disclosure would help him prepare for cross-examination and would reduce delay during the trial. The Court finds these statements are general and conclusory such that Ornelas has not made a threshold showing of materiality.

      Counsel also indicated he seeks training records regarding firearms, what areas of law are included within the agents' responsibilities (e.g., drugs and aliens), and issues related to the Fourth Amendment (e.g., initiating contact and making arrests). Counsel asserted such information would address whether Agent Linde had been acting in his official duties. As to any training regarding firearms, the Court does not see any correlation between the proposed disclosure and the stated need for the disclosure. Any training of the agent as to the use of firearms is not material to the elements of the charged offenses or the anticipated defense. The Court finds Ornelas has failed to make a threshold showing of materiality as to disclosure of Agent Linde's firearm training.

      As to Agent Linde's training regarding what areas of law are included within the agents' responsibilities and issues related to the Fourth Amendment, it appears this evidence is speculative as to whether it makes it more or less likely that Agent Linde was acting within his official duties.[2] However, the Court must afford Ornelas the opportunity to create doubt with the jury. The Court, therefore, will grant the request as to these items. Because of Agent Linde's cross-certification, it is unclear what, if any, training was completed with Cochise County. As no showing has been made that county training records are in the custody and control of the

---

[2] Counsel has not stated how the agent's training would make it more or less likely that he was acting in his official duties. Assuming *arguendo* the agent did not have the authority to stop Ornelas or investigate his immigration status, if Agent Linde was not acting in conformity with his training, it does not change the fact that the agent did not have the authority. Similarly, if the agent had not been correctly trained, it again does not change the fact that the agent did not have the authority. Further, there has been no showing or citation to any authority that unauthorized actions of an agent necessarily means the agent was not acting in his official duties.

federal government, the Court will direct the government to disclose only the federal records of training Agent Linde has received as to what areas of law are included within his responsibilities and as to Fourth Amendment issues relating to stops, investigations, and arrests.

Accordingly, IT IS ORDERED:

1. The Motion for Disclosure (Doc. 51) is GRANTED IN PART AND DENIED IN PART.

2. The government shall disclose federal records of Agent Linde regarding training he has received as to what areas of law are included within his responsibilities and as to Fourth Amendment issues relating to stops, investigations, and arrests.

DATED this 17th day of June, 2015.

_____
Cindy K. Jorgenson
United States District Judge