**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | No. CR 14-1568-TUC-CKJ |
| vs. | ) | |
| | ) | **ORDER** |
| JESUS EDER MORENO ORNELAS, | ) | |
| Defendant. | ) | |

Pending before the Court is the Motion in Limine (Doc. 63) filed by Defendant Jesus Eder Moreno Ornelas ("Ornelas").  A response has been filed.  Counsel presented oral argument to the Court on June 18, 2015.

*Factual Background*

During the hearing, counsel for the government indicated that park visitors had informed a civilian employee on August 23, 2014, that they saw three individuals – one with a limp and one with a backpack.   Forest Service Law Enforcement Agent Devin Linde ("Agent Linde") was informed of this information; he was subsequently informed that likely two of the three individuals had been seen.  In his Motion, Ornelas asserts the agent heard over the radio that two or three individuals in the area had requested water from a black SUV.

Ornelas and Aaron Abril-Moreno ("Abril-Moreno") had been walking south on Leslie Canyon Road, approximately 16 miles north of Douglas, AZ.  Agent Linde approached Ornelas and Abril-Moreno on non-federal land and asked if they wanted water.   An

1    altercation between the agent and Ornelas subsequently occurred.

2         Abril-Moreno stated during his deposition that he and Ornelas had dropped off

3    backpacks of marijuana several days before they were stopped on August 23, 2014.  Ornelas

4    seeks to have these statements precluded from presentation at trial.

5

6    *Relevance of the Evidence*

7         Ornelas asserts the evidence that he and Abril-Moreno dropped off backpacks of

8    marijuana is not relevant to the charged offenses.  "Relevant evidence" is "evidence having

9    any tendency to make the existence of any fact that is of consequence to the determination

10   of the action more probable or less probable than it would be without the evidence."

11   Fed.R.Evid. 401.  Although counsel did not label this evidence as "other act" evidence,

12   arguably the principles of Fed.R.Evid. 404 are applicable.  However, "[t]he policies

13   underlying the rule are simply inapplicable when some offenses committed in a single

14   criminal episode become 'other acts' because the defendant is indicted for less than all of his

15   actions." *United States v. Soliman*, 813 F.2d 277, 279 (9th Cir. 1987) (citation omitted).

16   Such evidence is not other act evidence if it is inextricably intertwined with the crime

17   charged.  *United States v. Williams*, 291 F.3d 1180, 1189 (9th Cir. 2002) (*overruled on other*

18   *grounds)*.

19        It appears the evidence is needed to offer a coherent and comprehensible story

20   regarding the alleged crimes of assault of a federal officer and attempt to commit murder

21   because the government must establish Agent Linde was engaging in his official duties.

22   Additionally, it is "part of the transaction that serves as the basis for the criminal charge[s]"

23   against Ornelas.  *Williams*, 291 F.3d at 1189 (*quoting United States v. Vizcarra-Martinez*,

24   66 F.3d 1006, 1012-13 (9th Cir. 1995).  The Court finds this evidence is inextricably

25   intertwined with the charged offenses.

26        Assuming *arguendo*, however, that the evidence is not inextricably intertwined with

27   the charged offenses, the evidence would nonetheless be admissible as other act evidence.

28   Although evidence of other acts is not admissible to prove the character of an individual to

show he or she acted in conformity therewith, evidence of other acts may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident[.]" Fed.R.Evid. 404(b). "Evidence is admissible under these exceptions if it:  (1) tends to prove a material element of the crime; (2) is similar to a charged offense; (3) is supported by sufficient evidence; and (4) is not too remote in time." *United States v. Danielson*, 325 F.3d 1054, 1075 (9th Cir. 2003).  Additionally, the probative value must not be "substantially outweighed" by the danger of unfair prejudice." *United States v. Castillo*, 181 F.3d 1129, 1134 (9th Cir. 1999).

In asserting this evidence is relevant, the government asserts the evidence establishes motive to assault and attempt to kill the agent; to steal the agent's vehicle; and to elude detention and a long term of incarceration.  The government's response indicates that Ornelas made several statements that his action in this case were motivated by his desire to avoid being caught and incarcerated.  However, Ornelas may have also been subject to detention and incarceration because of his illegal status – i.e., there is no basis to conclude that incarceration for the marijuana backpacking (as opposed to incarceration for illegal re-entry) provided a motive to Ornelas.  The Court finds this evidence does not tend to prove the motive of Ornelas and is not admissible, therefore, on that basis.

The government also asserts the evidence is relevant to establish whether the agent was engaged in his law enforcement duties, which is an element of the assault of a federal officer and attempt to commit murder charges against Ornelas.  Specifically the government asserts the agent had jurisdiction to investigate federal and state narcotics offenses – because whether the agent was engaged in his official duties is in dispute, evidence that Ornelas was committing a drug trafficking offense is relevant to that dispute.  Government counsel indicated during the hearing that Abril-Moreno has stated that he and Ornelas had an agreement with individuals in Mexico to drop off a load of marijuana and that he and Ornelas were to return to Mexico to be paid – the government argues a drug trafficking conspiracy was ongoing and would, in effect, not be complete until Abril-Moreno and Ornelas returned to Mexico and were paid.  The Court agrees with the government that this evidence tends to

1    establish a material element of the charges against Ornelas.

2         Additionally, the Ninth Circuit has stated that the degree of similarity of other act

3    evidence depends "on the evidential hypothesis which is being employed." *United States v.*

4    *Arambula-Ruiz*, 987 F.2d 599, 603 (9th Cir. 1993).  In light of the theory presented by the

5    government, the Court finds that the lack of similarity of the other act evidence does not

6    weigh against the admission of the evidence.  Further, the Court finds the evidence is not too

7    remote in time.

8         Ornelas argues, however, that the government could have, but chose not, to charge

9    him with a drug trafficking conspiracy and asserts there is insufficient evidence of these other

10   acts.  However, "the Supreme Court [has] clarified that the government need not prove Rule

11   404(b) evidence by a preponderance of the evidence; rather, 'such evidence should be

12   admitted if there is sufficient evidence to support a finding by the jury that the defendant

13   committed the similar act.'"  *United States v. Bailey*, 696 F.3d 794, 799 (9th Cir. 2012)

14   (*quoting Huddleston v. United States*, 485 U.S. 681, 685 (1988)).  "The court [must] simply

15   examine[] all the evidence in the case and decide[] whether the jury could reasonably find

16   the conditional fact . . . by a preponderance of the evidence."  *United States v. Norris*, 428

17   F.2d 907, 914 (9th Cir. 2005).

18        In this case, a jury could reasonably find the statement of material witness Abril-

19   Moreno to be credible.  Although the material witness was not charged, the statement is

20   arguably against his interest.  Furthermore, as summarized by the government:

21        [S]everal government witnesses will testify at trial regarding a number of
          characteristics that are consistent with drug trafficking, such as the fact that the
22        defendant and material witness were headed south back into Mexico, the items they
          had in their possession, and the particular route they were taking through the
23        Coronado National Forest. . . [W]hile the defendant does not admit to trafficking
          marijuana on this particular occasion, he makes several statements regarding his
24        involvement with drug trafficking organizations, his previous experience trafficking
          marijuana, and his knowledge of such offenses.
25
     Response, Doc. 67, p. 3.  The Court finds by a preponderance of the evidence that a jury
26
     could reasonably find the Abril-Moreno and Ornelas dropped off backpacks of marijuana
27
     several days before they were stopped on August 23, 2014.
28

*Probative Value Weighed Against Unfair Prejudice of the Evidence*

The Court also considers whether the probative value of the evidence "is substantially outweighed by a danger of . . . unfair prejudice[.]" Fed.R.Evid. 403. The Ninth Circuit has stated:

> Relevant evidence is inherently prejudicial; but it is only unfair prejudice, substantially outweighing probative value, which permits exclusion of relevant matter under Rule 403. Unless trials are to be conducted as scenarios, or unreal facts tailored and sanitized for the occasion, the application of Rule 403 must be cautious and sparing. Its major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.

*United States v. Hankey*, 203 F.3d 1160, 1172 (9th Cir. 2000) (*citation omitted*); *see also United States v. LeMay*, 260 F.3d 1018, 1026 (9th Cir. 2001) ("All evidence introduced against a criminal defendant might be said to be prejudicial if it tends to prove the prosecution's case."). Unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." Fed.R.Evid. 403, Adv. Comm. Notes; *see also Old Chief v. United States*, 519 U.S. 172, 180 (1997). The nature of the other act evidence in this case is not disturbing such that it suggests a decision would be based on an improper basis. *See e.g. United States v. Cruz*, 343 F.Supp.2d 226, 232 (A.D.N.Y.2d 2004) (underlying nature of historic offenses more sensational and disturbing than current crime and facts were not similar; therefore, evidence was excluded). The Court finds the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

Accordingly, IT IS ORDERED the Motion in Limine (Doc. 63) is DENIED.

DATED this 19th day of June, 2015.

Cindy K. Jorgenson
United States District Judge