**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesus Eder Moreno Ornelas, | No. CV-20-00521-TUC-CKJ |
| Petitioner, | No. CR-14-01568-TUC-CKJ |
| v. | **ORDER** |
| United States of America, | |
| Respondent. | |

For the reasons explained below, the Court denies the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (habeas Petition).

On November 23, 2020, Jesus Eder Moreno Ornelas, Petitioner, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. On January 11, 2021, he amended it. On February 26, 2021, he sought to withdraw it. On August 11, 2021, he asked that counsel be appointed to present a "non-frivolous ineffective assistance of counsel claim" because trial counsel failed to present expert testimony to show that the shots fired during the offense were accidental, not intentional. (Motion for Appointment of Counsel (CR 14-1568-TUC-CKJ) (Doc. 214) at 2.) The Court appointed counsel to represent Petitioner, denied the motion to withdraw the habeas Petition, without prejudice to it being reurged, and gave Petitioner 60 days to file a Supplemental habeas Petition. (Order (Doc 10)). On August 16, 2022, counsel filed the Supplemental Motion Pursuant to USC § 2255 (Doc. 7). The Court treats this as a Second Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Petitioner argues that his conviction and

sentence must be vacated because his trial counsel was ineffective and such ineffectiveness prevented him from presenting a full and complete defense.

At trial, United States Forest Service Officer Linde testified about the offense, including the physical altercation that resulted in shots being fired. The jury hung on the attempted murder charge but convicted Petitioner for assault on a federal officer. After an appeal resulted in reversal and remand of the armed robbery charges, the government dismissed them.  Petitioner stands convicted of assault on a federal officer, use of a firearm during a crime of violence, being a felon in possession of a firearm and an undocumented alien in possession of a firearm, and illegal reentry. After remand, the Court resentenced the Defendant, imposing the same sentence originally imposed: 520 months in prison or just over 43 years in prison.

Petitioner argues his trial counsel was ineffective for failing to proffer expert testimony at trial to show the shooting was caused by a sympathetic squeeze of the fall reflex to show that the shooting was not intentional. When it was time to disclose experts, the defense did not have an expert and made no disclosure. Later, two weeks after an April 7 trial date was extended to June 23, defendant informed the Government at a status conference of a potential expert, Weaver Barkman, but not until six weeks after the status conference and three weeks before trial did the defendant file a formal notice of intent to call Barkman, listing his qualifications and stating he would likely "provide more information regarding the Glock pistol fired in this case." A week later, defendant sought and was denied a sixth request for a continuance, in part to allow Barkman time to finish his expert report. The expert report was not disclosed until five days before the trial and reflected that Barkman would testify that the available physical evidence suggested that Linde never holstered his gun, the gun could have slipped out of the holster accidentally, several shots were accidentally fired, and no shot was fired near Linde's head." *United States v. Moreno Ornelas,* 906 F.3d 1138, 1150 (9th Cir. 2018).

The government moved to preclude Barkman's testimony, "and the Court granted the motion to preclude based on the untimely disclosure of the defense expert," (P

Supplement (Doc. 20) at 2), and also considering "the nature of his opinions," (TR (CR 14-1568-TUC CKJ-EJM): Motions Hearing June 24, 2015 (Doc. 150) at 57). The Court questioned some of Barkman's opinions, concluding a Daubert hearing would be required to determine admissibility. *Id.* Petitioner argues that his conviction and sentence must be vacated because trial counsel was ineffective by failing to timely disclose his expert, and the lack of expert testimony prevented him from presenting a full and complete defense.

Defense counsel presented this argument, pretrial, as a reason for admitting the late disclosed expert testimony. On appeal, the Petitioner reurged it. The appellate court rejected the assertion that this Court improperly excluded the expert as a sanction for a discovery violation without finding it to be willful and blatant. Instead, the appellate court found no error in this Court's ruling which "'simply enforced [its] earlier pretrial order setting disclosure deadlines.'" *Moreno Ornelas*, 906 F.3d at 1150 (quoting *United States v. W.R. Grace*, 526 F.3d 499, 514 (9th Cir. 2008)). Importantly, the appellate court distinguished *United States v. Finley*, 301 F,3d 1000 (9th Cir. 2002), where the issue was divergence between disclosure that was timely and what the expert actually testified to at trial, *id. at* 1018, and explained that in *Finley*, the expert witness presented the only evidence of a diagnosed mental disorder, and the court excluded expert testimony in its entirety rather than just the arguably undisclosed part, leaving Finley unable to present his main defense.

Here, the defense theory had to accommodate a post-arrest interview by Moreno Ornelas, which was played for the jury. He admitted as follows:

> . . . he initially refused to comply with Linde's commands but claimed that he sat down as the officer approached with handcuffs. By Moreno's telling, Linde never holstered the gun but instead kept his finger on the trigger, with the barrel pointed at Moreno. Fearing for his life and wanting to return to Mexico rather than go to prison, Moreno tried to grab the gun. A shot went off. Moreno tackled Linde with all the force he could muster. Two more shots rang out as the two men struggled on the ground, each trying to wrest the gun from the other.

> . . . by this point, he could have beaten Linde unconscious. Instead, Moreno slammed Linde's hand onto the ground, forcing him to release the gun. Moreno seized it, fired the remaining rounds into the air, and tossed the gun aside. He ran for the truck, thinking he would drive to the border and leave it there.

. . . when he got behind the wheel, he suddenly realized that he had been acting stupidly and that he should not drive away. For that reason, Moreno explained, he got out of the truck and gave himself up voluntarily.

*Id.* at 1142. The proffered expert testimony that several shots were accidentally fired does not bolster the defense theory that "by pointing his gun directly at Moreno, [Linde] used excessive force—and that Moreno thus acted in reasonable self-defense from the start." *Id.* at 1146. On appeal, the court concluded: "Even assuming the expert testimony excluded in this case was relevant to and supportive of Moreno's self-defense theory, it was not essential to that theory to anywhere near the extent the expert testimony in Finley was." *Id.* at 1151 n. 15. This Court agrees.

The Petitioner's substantive challenge was found unworthy of discussion, except in the footnote referenced above. Instead, the appellate court ruled that it was not error for this Court to enforce the scheduling order's deadline for disclosing experts. "Issues raised at trial and considered on direct appeal are not subject to collateral attack under 28 U.S.C. § 2255." *Egger v. United States,* 509 F.2d 745, 748 (1975). Assuming there is some separate aspect to the question presented now and that considered on appeal, grounds which were apparent on original appeal cannot be made the basis for a second attack under § 2255." *Id.* (citing *Medrano v. United States*, 315 F.2d 361, 362 (9th Cir. 1963)). The Court agrees with the Government. The Petitioner's habeas claim falls under the relitigation bar because Petitioner made this precise argument in his direct appeal and the appellate court rejected it. *United States v. Redd*, 759 F.2d 699, 701 (9th Cir. 1985).

Assuming Petitioner could proceed with his habeas Petition, the Court finds it fails for the reasons explained below.

Title 28 of the United States Code, Section 2255 provides for collateral review of Petitioner's sentence as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or law of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence
/////

- 4 -

to vacate, set aside or correct the sentence.  A motion for such relief may be made at any time.

28 U.S.C. § 2255.

A district court shall summarily dismiss a § 2255 petition "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the Petitioner is not entitled to relief." Rule 4(b), Rules Governing § 2255 Actions. The district court need not hold an evidentiary hearing when the Petitioner's allegations, viewed against the record, either fail to state a claim for relief or are patently frivolous. *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

The Supreme Court enunciated the standards for judging a criminal defendant's contention that the Constitution requires a conviction to be set aside because counsel's assistance at trial was ineffective in *Strickland v. Washington*, 466 U.S. 668 (1984).  A defendant must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. To this end, the defendant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. *Id.* at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. Id. at 688-90. Also, the defendant must affirmatively prove prejudice. *Id.* at 691-92. He must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." *Id.* at 697.

The Government correctly argues that Petitioner fails to establish substantial prejudice from the alleged deficient performance. Petitioner must show that there is a reasonable probability that if his expert, Barkman, had been disclosed in a timely manner, the result would have been different at trial. Yet, Petitioner has completely ignored the challenges raised by the Government to Barkman's qualifications as a firearms expert.

(Motion in Limine (Doc. 78)). Petitioner fails to establish that Barkman, if he had been disclosed on time would have qualified to testify as an expert at trial. More importantly, Barkman's opinion that the shots were the result of sympathetic squeeze response and/or loss of balance response would not have made a difference in the jury's verdict that Petitioner intentionally committed a forceable assault, unless the jury ignored the Petitioner's own admissions of intent. As noted above, post-arrest he said that he tried to grab the gun from Officer Linde and once he gained control of the weapon, he fired the remaining rounds into the air, and tossed the gun aside. The expert opinion that some of the shots may have been accidental is not relevant, or only minimally relevant, to the defense theory that the shooting was self-defense. Trial counsel's decision to not disclose Barkman as an expert, foregoing such expert testimony, would be well within the realm of professional judgment. The Court finds that in light of all the circumstances, the failure to present Barkman's expert opinions at trial were not outside the wide range of professionally competent assistance.

In conclusion, the Supplemental Motion Pursuant to USC § 2255, treated here as the Second Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, is denied because Petitioner fails to establish a claim of ineffective assistance of trial counsel. Failing to make a showing under either *Strickland* prong, there is no need to hold a hearing because Petitioner's claims, when viewed against the record, fail to state a claim for relief. *Marrow*, 772 F.2d at 526.

**Accordingly,**

**IT IS ORDERED** that Petitioner's "Motion to Vacate Sentence or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 212), filed in CR 14-1568 TUC CKJ and (Docs. 1, 7) filed in CV 20-521 TUC CKJ are DENIED AS MOOT, having been superseded by the Second Amended Motion to Vacate Sentence or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 20).

**IT IS FURTHER ORDERED** that the Second Amended Motion to Vacate Sentence or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. 20) is DENIED.

1     **IT IS FURTHER ORDERED** that CV 20-521 TUC CKJ is DISMISSED with

2  prejudice, and the Clerk of the Court shall enter judgment accordingly.

3     **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing

4  Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a

5  certificate of appealability because reasonable jurists would not find the Court's procedural

6  ruling debatable and because reasonable jurists would not find the Court's assessment of

7  the constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484

8  (2000).

9     Dated this 30th day of December, 2022.

10

11

12                                    Honorable Cindy K. Jorgenson
                                     United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28